IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DEMITRIUS DESKIN, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> G.P. BOSCHETTI, *et al.*, <br><br> Defendants. | Civil No. 24-00167 MWJS-WRP <br><br> ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**ORDER DISMISSING COMPLAINT AND DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**

On April 11, 2024, pro se Plaintiffs filed a complaint against Madison Nirishiro, Nikki Nirishiro, Laura Nanny, and G.P. Boschetti doing business as Cirrus Management, Big Island Land Management, and Kam IV Apartments.  ECF No. 1.  Plaintiff Shella Taylor also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  ECF No. 2.  In considering such an application, the Court must ensure, among other things, that the complaint states a claim upon which relief could be granted.

Here, the complaint does not adequately allege that this Court has subject matter jurisdiction and, in any case, the complaint fails to state a claim.  The Court therefore DISMISSES the complaint and DENIES the IFP application as moot.

Plaintiffs are granted leave to amend the complaint and to file new IFP applications but must do so by May 24, 2024.

## DISCUSSION

**A. Screening of Plaintiffs' Complaint**

Because Plaintiffs ask to proceed in forma pauperis, the Court must screen their complaint. 28 U.S.C. § 1915(e). The Court is required to dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit. *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). And even when screening complaints under the in forma pauperis statute, "a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011).

1. Dismissal is appropriate here because the complaint does not sufficiently allege that the Court has subject matter jurisdiction over this dispute. Subject matter jurisdiction is a court's power to hear a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because federal courts have limited power to hear cases, a plaintiff must establish that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Generally, there are two ways that a plaintiff can establish subject matter jurisdiction, and Plaintiffs here invoke both in their complaint. *See* ECF No. 1, at PageID.4.  One is diversity jurisdiction, in which no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.  The complaint in this case states that both Shella Taylor and Demitrius Deskin are citizens of Hawaiʻi. ECF No. 1, at PageID.4.  It further alleges that defendant Nikki Nishiro is a citizen of both Hawaiʻi and Japan and that Big Island Land Management is a citizen of Hawaiʻi. *See id.* at PageID.4-5.  These allegations appear to defeat diversity jurisdiction.  It is possible, however, that Nikki Nishiro is a *resident* of Hawaiʻi and a *citizen* of Japan, and it is also possible that Big Island Land Management is not actually a defendant in this case, as Plaintiffs do not include the company in the case's caption or in the complaint's list of defendants.[1]  But, at a minimum, Plaintiffs have not carried their burden of alleging the citizenship of all parties and have therefore not established diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction

---

[1]   Although the company is named as a defendant in the section on diversity jurisdiction, the caption names G.P. Boschetti as a defendant who is doing business as Big Island Land Management.  And Big Island Land Management is not named in the section of the complaint that identifies the parties in the case.

3

should be able to allege affirmatively the actual citizenship of the relevant parties.").

The other way that a plaintiff can establish subject matter jurisdiction is for the case to present a federal question. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases that implicate the Constitution or federal law. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where the alleged federal claim "is wholly insubstantial and frivolous," there is no federal question jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Plaintiffs' complaint does not clearly raise any federal question. It attempts to identify several bases for federal question jurisdiction: "civil rights," "cyber the[ft]," "haras[s]ment," "identity the[ft]," "hate crime," and "senior abuse." ECF No. 4, at PageID.4. But none of these phrases identify a specific federal law that is potentially at issue. And the complaint's allegations do not suggest that there is a federal right that has clearly been violated. The complaint has thus not established that this Court has subject matter jurisdiction over this dispute.

2. Even if the complaint sufficiently alleged subject matter jurisdiction, it fails to state a claim upon which relief can be granted. In evaluating whether a complaint fails to state a valid claim for screening purposes, courts generally apply

the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  A court must also liberally construe a pro se plaintiff's pleadings.  *Watison*, 668 F.3d at 1112.

In this case, Plaintiffs allege that a "grandmother"—who appears to be Shella Taylor—"was working @ a[] shelter in Honolulu" and was "injured @ the place of her [] resident."  ECF No. 1, at PageID.5.  Allegedly, Taylor "was living in constan[t] hate – crime – fa[lse] allegation."  *Id.*  Plaintiffs further allege that "co-workers moved nextdoor" and "caused se[ver]e damage to her body."  *Id.*  It also appears, according to the complaint, that Taylor's vehicle was towed, costing thousands of dollars; that photos were taped to her windows; that a male worker ejaculated on her walls; and that there were unsafe handrails.  *Id.* at PageID.6.  The complaint says that Taylor had "nightmares" and "over two hundred thousand in medical bills."  *Id.*

5

These allegations do not provide a basis for possible relief. The complaint does not offer enough details for the Court to conclude that Plaintiffs have a colorable claim. The complaint does not allege, for example, what caused the specific harms that Taylor endured, who caused these harms, or when these events happened. Nor does the complaint explain the role of all the individual Defendants in the alleged harm that Shella Taylor experienced. More details are needed.

Furthermore, the complaint does not clearly identify the Plaintiffs. The caption states "The Family of Shella Taylor // Demitrius Deskin – Sharon Taylor Horace // Daron – Taylor." *Id.* at PageID.1. The second page of the pro se complaint form directed the Plaintiffs to provide information "for each plaintiff named in the complaint." *Id.* at PageID.2. There, the Plaintiffs offered only two names: "Demitrius Deskin" and "Shella Taylor." *Id.* In the section on diversity of citizenship jurisdiction, Plaintiffs again only listed "Shella Taylor" and "Demitrius Deskin" as plaintiffs. *Id.* at PageID.4. Finally, in the signature block, the complaint says "Taylor Family + Deskin Family for Shella Taylor // Demitrius Deskin // Shella J. Taylor AKA Yancy." *Id.* at PageID.6.

Aside from Shella Taylor, the Court cannot readily discern who the intended Plaintiffs are and what their relationship is to Shella Taylor. It appears that Shella Taylor might be the real party-in-interest and members of the Taylor and Deskin

6

families have joined the complaint to assist her in this action. But that is just a possible inference—the Court cannot readily tell who seeks to bring this suit.

Accordingly, because it fails to establish subject matter jurisdiction and because it lacks sufficient factual allegations to state a claim, the complaint is DISMISSED without prejudice.

### B.     Leave to Amend the Complaint

Although the Court dismisses the complaint, it recognizes that Plaintiffs are proceeding pro se and could possibly cure the deficiencies by amending the complaint. Accordingly, the Court dismisses the complaint without prejudice and grants Plaintiffs leave to amend. *See Watison*, 668 F.3d at 1117.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by May 24, 2024, and it must allege facts that establish subject matter jurisdiction and that make out a plausible claim for relief. The Court notes that the pro se complaint form—the same form that Plaintiffs completed in this case—provides guidance on what to plead. For example, the form directs plaintiffs to "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." ECF No. 1, at PageID.5. The form also instructs plaintiffs to "[s]tate as briefly as possible the facts showing that *each* plaintiff is entitled" to relief, *id.* (emphasis added), and to

7

provide "information . . . for *each* plaintiff named in the complaint," *id.* at PageID.2 (emphasis added). And if a case is invoking federal question jurisdiction, the form directs plaintiffs to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue." *Id.* at PageID.4. Plaintiffs should carefully follow these and all other instructions in the form.

Finally, Plaintiffs are cautioned that failing to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

**C.     Plaintiffs' In Forma Pauperis Application**

Because the complaint fails to state a claim, the Court DENIES the IFP application as moot and does not decide the application's sufficiency. If Plaintiffs choose to file an amended complaint, however, they should submit updated IFP applications that address the following concerns.

Under the in forma pauperis statute, federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a)(1). An applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d

8

1226, 1234 (9th Cir. 2015) (internal quotation marks omitted).  An application is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life."  *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Plaintiffs here submit a single IFP application, signed by Shella Taylor.  Although Taylor may well qualify to proceed in forma pauperis, her IFP application does not appear to state facts with sufficient "particularity, definiteness and certainty" to conclusively establish Taylor's inability to pay.  She reports $215 in biweekly pay and $5,160 in annual income, but she checked "no" for every potential source of income.[2]  ECF No. 2, at PageID.10.  The application also states that Taylor owns a vehicle and has rent, food, insurance, telephone, and utilities expenses, but it does not provide the amount of any of those expenses.  *Id.* at PageID.11.  And critically, the application does not indicate how much money Taylor has in cash or in checking or savings accounts.  *Id.*

Moreover, as discussed above, it is unclear who the Plaintiffs in this action are.  Only Shella Taylor has submitted an IFP application.  "[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status."  *Anderson v. California*, No.

---

[2]    $215 biweekly would, however, amount to $5,590 in annual income ($215 x 26 = $5,590).

9

10 CV 2216, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (emphasis omitted); *Tom v. Wells Fargo Bank N.A.*, No. 19-00545, 2019 WL 13215306, at *1 (D. Haw. Oct. 31, 2019) ("[W]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." (quoting *Martinez v. Lutz*, 18-cv-00999, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018))).  Accordingly, if additional parties wish to proceed as plaintiffs with in forma pauperis status, they should each complete and file an IFP application.

Although Taylor's IFP application is denied as moot, if Plaintiffs file an amended complaint, Taylor should submit an updated IFP application that addresses the above concerns.  In particular, her application should include the amount of cash and savings that she has.  Additionally, Plaintiffs should submit IFP applications for every named plaintiff, and those applications should provide sufficient detail for the Court to assess their ability to afford filing fees.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiffs' complaint and DENIES Shella Taylor's IFP application as moot.

If electing to file an amended complaint, Plaintiffs must comply with the following requirements:

(1)   Plaintiffs' deadline to file an amended complaint is May 24, 2024;

(2) Plaintiffs' amended complaint should be titled "First Amended Complaint";

(3) Plaintiffs' complaint should cure the deficiencies identified above; and

(4) Every named plaintiff should submit a separate Application to Proceed in District Court Without Prepaying Fees or Costs.

Failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: April 24, 2024, at Honolulu, Hawai‘i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00167 MWJS-WRP; *Deskin, et al. v. G.P. Boschetti*, et al.; ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT