IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SHELLA TAYLOR, <br><br> Plaintiff, <br><br> vs. <br><br> G.P. BOSCHETTI, *et al.*, <br><br> Defendants. | Civil No. 24-00167 MWJS-WRP <br><br> ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## INTRODUCTION

On May 15, 2024, pro se plaintiff Shella Taylor filed a first amended complaint (FAC) and a renewed application to proceed in forma pauperis (IFP). ECF Nos. 6 & 7. Taylor's submissions attempt to cure the deficiencies identified in the Court's prior order: the FAC streamlines its factual allegations and drops several plaintiffs and defendants, and the new IFP application alleges Taylor's financial status with greater specificity.

While the Court concludes that Taylor is qualified to proceed in forma pauperis, it finds that the FAC still fails to identify a jurisdictional basis or to state a claim. Accordingly, the Court GRANTS the IFP application and DISMISSES the first amended complaint. Taylor is granted leave to amend but must do so by June 24, 2024.

## DISCUSSION

A.   **IFP Application**

Federal courts can waive court fees for plaintiffs who show that they lack the ability to pay them. 28 U.S.C. § 1915(a)(1). Taylor has requested such a waiver here. Because the Court dismissed her original complaint, it denied Taylor's first IFP application as moot. But the Court provided guidance for a future application: it should specifically allege Taylor's monthly expenses, sources of income, and amount of savings.

For the most part, Taylor took that advice. She alleges that her annual income is $5,160, and she receives $215 every two weeks.[1] This money comes from pension, annuity, or life insurance payments, as well as Mother's Day and birthday gifts. Taylor currently has $1,698.97 in cash or in a bank account, and she owns one vehicle. While she does not specify their amount, Taylor also has monthly rent and telephone expenses, in addition to medical debt. And she suggests that a disabled family member relies on her for support.

Taylor qualifies for IFP status, as she has sufficiently alleged that she "cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Indeed, even setting aside the

---

[1]   $215 biweekly would amount to $5,590 in annual income ($215 x 26 = $5,590).

family member whom she might care for, Taylor's income is well below the poverty line for an individual in Hawaiʻi. *See* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2962 (Jan. 17, 2024) (listing $17,310 in annual income as the 2024 poverty guideline for a household of one in Hawaiʻi). Accordingly, Taylor's IFP application is GRANTED.

      **B.**     **Screening of Taylor's First Amended Complaint**

When a plaintiff proceeds in forma pauperis, a court must also screen their complaint. 28 U.S.C. § 1915(e). If the complaint does not provide a basis for federal court jurisdiction or if the complaint fails to state a claim, the court must dismiss it. *See id.* § 1915(e)(2)(B).

In this case, Taylor and other named plaintiffs filed their original complaint in April 2024. As part of the screening process, the Court identified several shortcomings in the complaint. First, the complaint did not sufficiently allege that the Court had subject matter jurisdiction to consider the case. Second, the complaint's factual allegations were too vague to form a basis for relief. The Court therefore dismissed the complaint but invited the plaintiffs to amend their complaint to address the identified deficiencies.

Taylor, now proceeding alone, has attempted to do so here. But her first amended complaint still does not identify a jurisdictional basis or state a claim.

1. Begin with jurisdiction. Unlike state courts, federal courts are courts of limited jurisdiction. That means a federal court can only consider a case if it has been specifically authorized to do so. There are two bases of federal court jurisdiction—federal question and diversity—and Taylor invokes both.

Federal question jurisdiction exists if the complaint on its face presents a question of constitutional or federal law. 28 U.S.C. § 1331. The first amended complaint generally alleges that Taylor's "constitution[al] rights were violated." ECF No. 6, at PageID.27. But it does not identify *which* constitutional rights were allegedly violated. And the factual allegations—which generally appear to be about injuries incurred at an apartment building—do not clearly implicate a constitutional provision or other federal law.

Taylor also relies on diversity jurisdiction, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. There must be complete diversity, meaning that no defendant can be a citizen of the same state as any plaintiff. The parties here do not appear to be completely diverse, for the FAC alleges that Taylor is a citizen of Hawaiʻi and that at least one of the defendants, Big Island Land Management, is also a citizen of Hawaiʻi.

Further, diversity jurisdiction requires the amount in controversy to be *more than* $75,000. Even being "one penny short" will deprive a court of jurisdiction.

4

*Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011). And, at present, the FAC alleges exactly $75,000 in controversy, one cent shy of the requisite amount in controversy.

For these reasons, the first amended complaint does not establish jurisdiction, and the Court lacks the power to take up this case.

It is possible, however, that Taylor could cure these jurisdictional flaws. Taylor provides a California address for one of the defendants, G.P. Boschetti, who therefore might be a citizen of California. ECF No. 6, at PageID.26. And if Taylor, a citizen of Hawaiʻi, only sued a defendant who is a citizen of California, the parties would be completely diverse.

The Court notes that the rules for establishing citizenship of people, of corporations, and of unincorporated associations are different. An individual is a citizen of the state in which they are "domiciled"—in other words, the state where they "reside[] with the intention to remain" or "to return." *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004) (internal quotation marks omitted). That is not necessarily the same state as someone's current residence. *See id.* Corporations, meanwhile, are citizens both of the states in which they are incorporated and of the states in which they have their principal place of business. 28 U.S.C. § 1332(c). And unincorporated associations, including limited liability companies, are citizens of every state of which their owners are members. *Johnson v. Columbia Props.*

5

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Should Taylor wish to further amend her complaint—which, as discussed below, the Court will permit her to do—she must comply with these principles.

      2.   Even if the FAC alleged subject matter jurisdiction, it still fails to state a claim upon which relief can be granted.  A complaint will not survive screening if it alleges only "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, the factual allegations must "raise a right to relief above the speculative level," *id.*, by including a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2).

Here, Taylor alleges that employees of an apartment building installed an "illegal homemade handi-rail" in 2022.  ECF No. 6, at PageID.28.  That rail allegedly caused Taylor "to fall and to have surgery." *Id.*

As with the original complaint, these allegations do not provide a basis for possible relief, for they do not describe in sufficient detail the conduct that Taylor complains of.  It does not say, for example, what was "illegal" about the rails.  It does not allege where in the building the rails were installed, or how the rails caused Taylor to fall, or what injuries Taylor endured.  It does not describe how any of the defendants were involved.  And while the FAC mentions the word "harassment," *id.* at PageID.29, it offers no further details about who harassed whom, what it entailed, where it happened, or when it occurred.

6

More facts are needed. The complaint template—the one that Taylor completed in this action—describes what a complaint should allege, like "how each defendant was involved," "what each defendant did that caused the plaintiff harm," and the relevant "dates and places of that involvement or conduct." *Id.* at PageID.28. At present, Taylor is missing these critical allegations, and the FAC therefore fails to state a claim.

That is not to say that this complaint is a step backwards from the first. Taylor has streamlined the parties and has more lucidly explained the underlying facts. The Court recognizes that she is proceeding pro se, and it is possible that amendment could cure these deficiencies. The Court therefore DISMISSES the first amended complaint without prejudice and GRANTS Taylor leave to amend.

Any amended complaint—which should be titled "Second Amended Complaint"—must be filed by June 24, 2024, and it must allege facts that establish subject matter jurisdiction and make out a plausible claim for relief. Taylor should cure the shortcomings identified in both this and the Court's previous order. If Taylor fails to file a second amended complaint by the deadline, this action will automatically be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Taylor's IFP application and DISMISSES her first amended complaint.

If electing to file an amended complaint, Plaintiffs must comply with the following requirements:

(1) Taylor's deadline to file an amended complaint is June 24, 2024;

(2) Taylor's amended complaint should be titled "Second Amended Complaint"; and

(3) Taylor's complaint should cure the deficiencies identified above and in the Court's previous order.

Failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: May 24, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 24-00167 MWJS-WRP; *Taylor v. G.P. Boschetti*, et al.; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

8